IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Hammonds, #355868                ) | C/A No. 8:14-4594-TLW-JDA |
|                                Plaintiff,    ) | |
| vs.                                    ) | **REPORT AND RECOMMENDATION** |
| Jennifer Bessent, Evans Correctional Officer, ) | |
|                               Defendant.    ) | |

Keith Hammonds ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at the Evans Correctional Institution ("Evans"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff brings this lawsuit against Jennifer Bessent ("Bessent"), an officer at Evans. [Doc. 1 at 1–2.] He alleges that on August 10, 2014, he was set to be released in 22 days when an incident occurred based on the following alleged facts. [*Id*. at 3–5.] On that date, Bessent instructed another inmate, Chris Lowery ("Lowery"), to move but he refused; Bessent used mace on Lowery. [*Id*.] Lowery then attacked Bessent near a large group of inmates, who began to clap, curse, and cheer. [*Id*.] Finally, one inmate named Montieth Young intervened and pulled Lowery off of Bessent. [*Id*.] A group of officers took Lowery to the holding cell area. [*Id*.] An officer also took Plaintiff to the holding cell even though he did not participate in the assault, and Plaintiff stated in reference to Lowery, ". . . my

homeboy don't take no sh**. . . . that's how we do it in Robeson County." [*Id*.] An officer sprayed mace in Plaintiff's face. [*Id*.]

Based on the August 10, 2014, incident, Plaintiff was charged, and apparently convicted on August 19, 2014, of disciplinary infractions of assault and refusing to obey. [*Id*.] As a result, Plaintiff received several punishments, including the loss of 260 days good time credit and 365 days in lock-up. [*Id*.] He alleges he was wrongfully convicted of the disciplinary charges because the evidence was false; all he did was curse and make inappropriate statements. [*Id*.] Additionally, Plaintiff alleges on September 3, 2014, he received a "street charg[e]" for assault and battery by a mob; apparently, it is a pending state criminal charge. [*Id*.] He seeks to reverse the SCDC disciplinary conviction and for the "street charg[e]" to be dropped. [*Id*. at 5.] He also seeks damages. [*Id*.]

### **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with

screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This action is subject to dismissal because Plaintiff seeks to have the pending state criminal charge against him dismissed. In other words, Plaintiff requests this Court to interfere with or enjoin the pending state criminal prosecution against him. However,

because a federal court may not award injunctive relief that would affect pending state criminal proceedings absent extraordinary circumstances, this Court should abstain from interfering with it.  In *Younger v. Harris*, the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances."  *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996).  The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief.  *Younger v. Harris*, 401 U.S.  37, 43-44 (1971); *see also Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013) (explaining the circumstances when *Younger* abstention is appropriate).

From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings."  *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Here, Plaintiff is involved in ongoing state criminal proceedings.  The second criterion has been addressed by the Supreme Court:  "[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36, 49 (1986).  The Court also decided the third criterion in noting "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'"  *Gilliam v. Foster*,

4

75 F.3d 881, 903 (4th Cir. 1996) (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). This Court finds that Plaintiff can raise his federal constitutional rights in the state proceedings, and he may contend in that proceeding that the evidence is false because he did not physically participate in the assault.  Therefore, to the extent Plaintiff seeks to enjoin the pending state criminal proceedings against him, this Court should abstain from hearing this action.

Additionally, Plaintiff fails to state a cognizable claim seeking damages and reversal of his alleged wrongful disciplinary conviction.  Plaintiff cannot bring a § 1983 claim alleging that his SCDC disciplinary conviction violated his constitutional rights because that conviction has not yet been invalidated.  In *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), the Supreme Court pronounced,

> . . . in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Id.*  Further, the Supreme Court stated that,

> . . . when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008).

The *Heck* holding applies to this case. Plaintiff alleges he was convicted on August 19, 2014, of two charges in a disciplinary proceeding, and he does not allege that the conviction has been overturned. A favorable determination on the merits of Plaintiff's § 1983 claim against Bessent would imply that Plaintiff's disciplinary conviction and punishment were invalid. Because Plaintiff has not alleged that he already has successfully challenged the lawfulness of his disciplinary conviction, this § 1983 claim should be dismissed because a right of action has not accrued.[1] *See Frierson v. RC Turner, DHO*, C/A No. 5:13-966-MGL, 2013 WL 6193158, at *1 (D.S.C. Nov. 26, 2013) (holding that § 1983 claim for damages based on disciplinary proceedings was not cognizable because Plaintiff had not shown that the institutional conviction had been invalidated); *Barton v. Brown*, C/A No. 1:13-2380-JFA, 2013 WL 5526088, at *1 (D.S.C. Oct. 4, 2013) (explaining that the holding in *Heck* applies to a prisoner's claim for damages regarding loss of good time credits).

Moreover, to the extent Plaintiff seeks to overturn his disciplinary conviction by bringing this action, he fails to state a cognizable claim pursuant to § 1983. An action for habeas corpus relief, after fully exhausting state remedies, is the more appropriate vehicle for challenging Plaintiff's disciplinary conviction. *See Fox v. Ward*, C/A No. 3:06-3439-TLW-JRM, 2008 WL 550115, at *5 (D.S.C. Feb. 25, 2008).

---

[1] Because a right of action has not yet accrued, the limitations period will not begin to run until the cause of action accrues. *See Morris v. Cardillo*, C/A No. 0:10-443-JFA-PJG, 2010 WL 2722997, at *2 (D.S.C. April 15, 2010), *Report and Recommendation adopted by*, 2010 WL 2722992 (D.S.C. July 9, 2010).

**RECOMMENDATION**

It is recommended that the District Court dismiss this action without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin
United States Magistrate Judge

January 15, 2015
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).